UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY, | No. 2:20–cv–1850–KJM–KJN (PS) |
| Plaintiff, | ORDER |
| v. | (ECF No. 1) |
| ELICA HEALTH CENTER, et al., | |
| Defendants. | |

On September 14, 2020, plaintiff filed his complaint, which was labeled a "prisoner civil rights case." (ECF No. 1.) However, upon review the clerk of the court noted the case did not concern conditions of confinement, and noted plaintiff was not currently incarcerated. Thus, the case was reclassified as a civil pro se case.[1]  (See ECF No. 2.)

The court notes that plaintiff has not paid the filing fee for this case. Presently, a filing fee of $400.00 is required to commence a civil action in this court. Alternatively, if plaintiff believes he is unable to pay this fee due to indigency, he may submit an application to proceed in forma pauperis, which the court will review pursuant to 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).

---

[1] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

Additionally, when deciding whether to pay the fee or file for in forma pauperis status, plaintiff should consider the reach of 42 U.S.C. Section 1983.  It appears from the facts asserted that plaintiff is attempting to lodge a complaint against four employees of Elica Health Centers, a private institution.  (See ECF No. 1 at 3.)  To state a claim for relief in an action brought under Section 1983, plaintiff must establish that "the alleged deprivation was committed under color of state law."  See Heineke v. Santa Clara Univ., 965 F.3d 1009, 1012 (9th Cir. 2020) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).  Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong."  Id.  Plaintiff should consider the state of the law for Section 1983 when deciding whether to move forward with his claim.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days of this order, plaintiff shall either:
   a. Pay the $400 filing fee, or
   b. Submit an application to proceed in forma pauperis;
2. The clerk of the court is directed to include an IFP form when serving plaintiff with this order; and
3. Plaintiff is informed that a failure to timely pay the filing fee, or timely submission of the IFP application, may result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

Dated:  September 18, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tank.1853

2