UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOODY WOODROW TANKSLEY,<br><br>    Plaintiff,<br><br>    v.<br><br>ELICA HEALTH CENTER, et al.,<br><br>    Defendants. | No. 2:20–cv–1850–KJM–KJN PS<br><br><u>ORDER GRANTING IFP AND RECOMMENDATION TO DISMISS</u><br><br>(ECF No. 5) |

    On September 14, 2020, plaintiff filed his complaint, which was labeled a "prisoner civil rights case," but the court reclassified the case as a pro se civil case.[1] (ECF No. 1, 2.) The court ordered plaintiff to either pay the filing fee or submit an application to proceed in forma pauperis, and plaintiff chose the latter. (ECF Nos. 3, 5.) Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. Accordingly, the court grants plaintiff's request to proceed in forma pauperis.

    The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. Under 28 U.S.C. Section 1915, the court must dismiss the case if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

---

[1] This matter was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21).

1

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) dismissal may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015). In evaluating whether a pleading states sufficient facts on which to base a claim, all well-pled factual allegations are accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), and the complaint must be construed in the light most favorable to the non-moving party, Corrie v. Caterpillar, Inc., 503 F.3d 974, 977 (9th Cir. 2007). The court is not, however, required to accept as true "conclusory [factual] allegations that are contradicted by documents referred to in the complaint," or "legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). Thus, to avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Simply, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570). Plausibility means pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pro se pleadings are to be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 & fn. 7 (9th Cir. 2010) (liberal construction appropriate even post–Iqbal). Prior to dismissal, the court is to tell the plaintiff of deficiencies in the complaint and give the plaintiff an opportunity to cure them—if it appears at all possible the defects can be corrected. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc). However, if amendment would be futile, no leave to amend need be given. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

Here, it appears from the facts asserted that plaintiff is attempting to lodge a complaint against four employees of Elica Health Centers, a private institution. (See ECF Nos. 1 at 3.) Plaintiff asserts unnamed violations of his rights under 42 U.S.C. Section 1983. (See Id.) As the court informed plaintiff in its prior order, to state a claim for relief in an action brought under Section 1983, plaintiff must establish that "the alleged deprivation was committed under color of

state law." See Heineke v. Santa Clara Univ., 965 F.3d 1009, 1012 (9th Cir. 2020) (quoting Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999)).  Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong."  Id.  Therefore, the court must recommend dismissal of plaintiff's Section 1983 claims against all defendants.  See Id. at 1014 (affirming dismissal of Section 1983 claim where they were asserted against private parties).  Further, since granting amendment would be futile, the court recommends dismissal with prejudice.  Cahill, 80 F.3d at 339.

## **ORDER AND RECOMMENDATIONS**

Accordingly, the court GRANTS plaintiff's motion to proceed IFP.  It is further RECOMMENDED that:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE; and
2. The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: October 7, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

tank.1853